# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANN MARIE JERDAN,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN HANCOCK LIFE INSURANCE<br>COMPANY (U.S.A.), *et al.,*<br><br>　　　　　　　　　Defendants. | Case No. 2:10-cv-01441-KJD-PAL<br><br>**ORDER**<br><br>(Reqst. Appear Telephonically - Dkt. #22) |

　　　　Before the Court is Defendants' Request to Appear Telephonically at Settlement Conference (Dkt. #23). The Defendants request an exemption to the requirement of the Court's January 20, 2011 Order Scheduling A Settlement Conference (Dkt. #22) that Defendants' representatives appear in person at the Settlement Conference on April 21, 2011 at 1:30 p.m.

　　　　Defendants represent that their authorized representative, Phillip Huvos, an Assistant Vice President and Senior Counsel is in Boston, Massachusetts. Counsel submitted an Affidavit indicating that he has been informed that Mr. Huvos has a scheduling conflict that prevents him from traveling to Las Vegas on April 21, 2011, and that this conflict was not known at the time the Court entered its order in January. Mr. Huvos will be available to appear by telephone and would like to do so to ensure there is no further delay of the settlement conference. Counsel for Defendants also represents that a colleague, Joice Bass, discussed the possibility of Mr. Huvos appearing telephonically with opposing counsel Steve Parsons, "and Mr. Parsons did not raise any objections." No opposition to the motion has been filed.

　　　　In early January the Parties entered into a stipulation requesting that this matter be stayed "pending a settlement conference with the Court" which the Parties wanted within ninety (90) days. The District Judge granted the request, and referred the matter to the undersigned to conduct the

1  settlement conference. An Order was entered January 20, 2011 setting the settlement conference for
2  April 21, 2011. For reasons defense counsel does not explain, Mr. Huvos' scheduling conflict was not
3  discovered for more than two months. The parties requested this settlement conference, and the
4  undersigned gave them the first available date ahead of a number of other parties seeking settlement
5  conferences.

6      Telephonic appearances by persons with authority to make settlement decisions is inefficient
7  and ineffective and the undersigned rarely allows it. However, because I currently have settlement
8  conferences scheduled through July, and denying the request would result in a considerable delay it will
9  be reluctantly granted. Mr. Huvos will be required to be present for the duration of the settlement
10 conference (despite the hour in Massachusetts,) and to be fully prepared in advance of the settlement
11 conference with the merits of the case.

12     **IT IS ORDERED** that Defendants' Request (Dkt. #23) is **GRANTED.** Defendants' authorized
13 representative shall be available for the duration of the settlement conference and shall be fully prepared
14 in advance of the settlement conference to address the merits of the claims and defenses.

15     Dated this 12th day of April, 2011.

                                               PEGGY A. LEEN
                                               UNITED STATES MAGISTRATE JUDGE